## BLOMQUIST v. AMERICAN SURETY CO. OF NEW YORK.

Circuit Court of Appeals, Ninth Circuit.
July 1, 1927.

No. 5059.

Insurance ⬱177—Surety on fidelity bond held discharged on discovery by directors of bank of dishonesty of officer and their failure to act.

Surety on bond of a bank president, providing that its liability should end with the date of discovery by the bank of the president's dishonesty, *held* discharged from further liability after the directors discovered misappropriation by him of funds, but took no action thereon, and did not notify the surety.

In Error to the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Action at law by W. C. Blomquist, receiver of the State Bank of Belt, Mont., against the American Surety Company of New York. Judgment for defendant, and plaintiff brings error. Affirmed.

Freeman, Thelen & Frary, of Great Falls, Mont., for plaintiff in error.

W. F. O'Leary, of Great Falls, Mont., for defendant in error.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The plaintiff in error, as receiver of the State Bank of Belt, Mont., brought this action on a fidelity bond given by the defendant to protect the bank against dishonesty on the part of one L. B. Lockhart, president of the bank. Jury trial was duly waived in writing, and upon hearing the evidence the court found for the defendant and dismissed the action.

The bond was given on May 9, 1921, and by its terms the suretyship was to "end with the date of the discovery by the employer [bank] * * * of dishonesty on the part of the employee [Lockhart]." The bank failed on October 11, 1922. Nearly all of the alleged acts of dishonesty on account of which plaintiff sought to recover were committed in 1922, the earliest being on December 5, 1921. The defense sustained by the court was that on August 25, 1921, Lockhart misapplied and dishonestly appropriated to his own use $500 of the bank's funds, that the bank directors had full knowledge of the misapplication not later than September 21, 1921, and that, notwithstanding such knowledge, they neither discharged Lockhart nor notified the defendant.

We need not discuss the pertinent principles of law, for the reason that plaintiff in error concedes defendant's obligation terminated prior to December 1, 1921, if the facts were substantially as alleged and found. It is also conceded that Lockhart appropriated to his own use the $500 on August 25th, and that at a meeting of the board of directors on September 25th they were fully advised, and, further, that they neither discharged him nor at any time notified defendant. The sole contention is that, while they knew the facts and circumstances, the proofs do not necessarily sustain the conclusion that the directors deemed the act of appropriation to be immoral or dishonest; but, in the most favorable view to plaintiff, it could be said only that the circumstances bearing upon that issue are susceptible to conflicting inferences, and, that being true, we should not disturb the findings. In reality, Lockhart had no semblance of right to the fund. He came into the bank and became its president in March upon a stipulated salary of $3,000 a year. Finding that no compensation had been paid to his predecessor for the months of January and February, he made to his subordinates the absurd pretension that his term of service should be deemed to relate back to January 1st. Being refused assistance by the cashier, he induced a bookkeeper to make the requisite entries, and took the money. We have difficulty in understanding how, with knowledge of the facts, the directors could possibly have regarded the transaction as anything other than dishonest. At the September meeting, they seem to have expressed disapproval; but, while apparently there was an understanding that the money would be paid back, no part of it was ever returned, and they remained silent.

The court was amply justified in its conclusion, and the judgment is affirmed, with costs to defendant in error.